DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendants
CITY OF COTATI, OFFICER ANTHONY GARBER,
CORPORAL BRIAN DEATON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES ALCALA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COTATI, OFFICER ANTHONY GARBER, CORPORAL BRIAN DEATON and DOES 1-50, included,<br><br>Defendants. | Case No. 3:20-cv-03414-JSC<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Date:    August 20, 2020<br>Time:    1:30 p.m.<br>Crtroom: E, 15th Floor<br>Hon:     Jacqueline S. Corley |

Pursuant to Local Rule 240 (Fed. R. Civ. P. 16) and this Court's Order (Dkt. 4), the parties hereby respectfully submit this Joint Scheduling Report.

**1. SUMMARY OF FACTUAL AND LEGAL CONTENTIONS**

**A. Plaintiff**

At approximately 1:51 am on July 19, 2019, Plaintiff Christopher Alcala was waiting outside the Tradewinds bar in Cotati California. He had called a rideshare company (Uber) to obtain a ride home. While waiting outside, Mr. Alcala was approached by two members of the Cotati police: initially, he was approached by Officer Anthony Garber and shortly thereafter Corporal Brian Deaton joined Garber. The officers engaged Mr. Alcala in conversation. The

officer's indicated they were investigating some verbal altercation which took place between a man and a woman at the bar.

At all relevant times, Garber and Deaton were officers with the Cotati Police Department and employed by City of Cotati. Deaton held the rank of corporal at the time and was therefore the supervising officer.

After the conversation began, and completely unprovoked by any physical action of Mr. Alcala, Deaton shoved Mr. Alcala against a wall. Mr. Alcala never made a move on either officer and never tried to physically assault either officer. Garber then jumped in and tossed Mr. Alcala to the ground. Deaton then struck Mr. Alcala in the side with a closed fist three times. A moment later, Garber struck Mr. Alcala in and around the face with forceful blows from his knees. Deaton then threw Mr. Alcala against the opposite wall while Garber struck Mr. Alcala in the face with his elbows. Deaton again tossed Mr. Alcala to the ground. Both officer's pinned Mr. Alcala to the ground and applied handcuffs behind his back. The leaned into his back and neck with full weight while applying the handcuffs.

This event was recorded on video from the bar, which is in the possession of the plaintiff. Mr. Alcala is informed and believes that body cam footage also exists of this incident, which will illuminate any words or statements made by Mr. Alcala or the subject officers at the scene.

Mr. Alcala suffered serious injury due to the physical force which was illegally applied by the officers in this case, including but not limited to significant swelling in his brain, concussion, numerous bruises, cuts, scrapes and other injuries he sustained to his head, neck, body and feet. He suffered and continues to suffer headaches. He suffered an incident on August 26 which he believes to have been a seizure associated with the brain trauma he suffered in outside the Tradewinds Bar.

Although he was booked on the night of the incident in the county jail, the District Attorney for the County of Sonoma declined to file any charges whatsoever against Mr. Alcala.

The actions of Corporal Deaton and Officer Garber on behalf of the City of Cotati constituted false detention, arrest and imprisonment, unlawful and excessive force, assault, battery and, in addition to being intentional, were negligent.

**B.     Defendants**

Defendant officers were working in their course and scope of employment with the Cotati Police Department when alerted to an altercation during the 2 a.m. closing of bars in the Cotati downtown.  As Officer Garber was walking up to a group of persons in an alley, he heard a woman accuse the plaintiff of pushing her.  Garber detained plaintiff who said words to the effect he was pushed and only retaliated.

Garber asked for identification to investigate further and was soon faced with numerous people who had come out of the bars and began acting in a hostile manner towards him.  At the same time plaintiff began to act belligerently toward Garber and closing in on his personal space.  Corporal Deaton arrived, saw the crowd and the agitated plaintiff who appeared to Deaton to be encouraging the crowd.

As Deaton walked up, Garber was attempting to run a record check on plaintiff, as plaintiff tried to walk away, then got in close to Garber.  Deaton believed Garber was under threat by the closeness of plaintiff to Garber and pushed him back and up against a wall to clear space between Garber and Deaton.  Alcala then yelled obscenities at Deaton and pushed his arm away from him.  Garber had formed the belief Alcala was intoxicated, and with the actions of pushing Deaton's arm, yelling obscenities and the hostility shown by the crowd as Alcala continued to yell at the officers, Garber went to place plaintiff under arrest for public intoxication and resisting and delaying a police investigation.

As Garber attempted to handcuff Alcala he began to physically resist and struggled with Garber.  Garber believed that if he did not get control quickly the crowd would get involved so used a P.O.S.T trained leg sweep to put plaintiff on the ground to control, handcuff and search the resisting subject.  Once on the ground Alcala tried to get up by wrapping his arms around Garber's waist.  Deaton feared that Alcala would overcome Garber and saw Alcala was placing his hands near the tools and weapons on Garber's duty belt.  Deaton punched Garber three times in the lower back to try and disable him and get him back on the ground.  The two officers managed after a struggle to put Alcala into handcuffs as back up officers began arriving to control the crowd.

Once plaintiff was taken into custody, he was transported to county jail where Alcala complained of injuries. The jail required Garber to obtain medical clearance form Sutter Hospital. At the hospital plaintiff was so abusive he was sedated by the medical providers in order to be treated for minor injuries, the cleared for booking at county jail.

Both officers were treated for minor injuries as well, and photographs taken of the injuries. Alcala was booked for aggravated assault on a police officer, assault on a police officer, resisting arrest and public intoxication. Video, both body camera and security film, recorded the incident.

## 2. PROPOSED DEADLINE FOR AMENDMENTS TO PLEADINGS

Plaintiff does not anticipate amending the complaint

Barring some unforeseen event during the litigation, Defendants do not anticipate amending their answer.

The parties propose a deadline of September 17, 2020 for substantive amendments to the pleadings.

## 3. SUMMARY OF THE UNCONTESTED AND CONTESTED FACTS

The parties agree an incident occurred 8210 Old Redwood Highway, Cotati California, and video and audio exists of the incident. Otherwise, all material facts are contested at this time. Generally-speaking, the parties contest their respective words and actions.

## 4. SUMMARY OF LEGAL ISSUES AS TO WHICH THERE IS NO DISPUTE, and SUMMARY OF THE DISPUTED LEGAL ISSUES

The parties agree that the Court has subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims, as well as Plaintiff's supplemental state law claims, in this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367(a).

Jurisdiction, venue, and the law applicable to the federal and state law claims are the legal issues as to which there is no dispute.

The disputed legal issues are:

1. Whether there was probable cause for Plaintiff's arrest;

2. Whether the force against Plaintiff was reasonable or excessive;

3. Whether the officers acted with the purpose of depriving Plaintiff of his specific constitutional right;

4. Whether each of the individual officers integrally participated in the each of the constitutional violations alleged above;

5. Whether the City of Cotati has an unconstitutional custom, policy, or practice (i.e. whether there is a *Monell* violation)

6. Whether the officers acted reasonably;

7. Whether there are claims for assault, battery, and false imprisonment; and,

**5.   STATUS OF MATTERS BEFORE THE COURT**

There are no pending matters before the Court at this time.

**6.   DISCOVERY PLAN**

The parties propose the following discovery plan and concomitant dates:

a.  Exchange of Rule 26(a)(1) Initial Disclosures: **September 15, 2020**

b.  Non-Expert Discovery Cut-off: **March 8, 2021**

b.  Disclosure of Expert Witnesses: **April 12, 2021**

c.  Supplemental/Rebuttal Expert Witnesses Disclosures: **May 17, 2021**

d.  Expert Discovery Cut-off: **June 21, 2021**

e.  Proposed changes in the limits on discovery: **No limits are proposed.**

f.  Whether the need for a protective order is anticipated: **Yes**.  The parties are currently meeting and conferring on final language from the Northern District model P.O.

g.  Any issues relating to the timing, sequencing, phasing, or scheduling of discovery: **None**

h.  Whether the parties anticipate the need to take discovery outside the United States: **No**

i. Whether any party anticipates video and/or sound recording of depositions: **If this is anticipated, any deposition notices served will so indicate that the deposition may be video and/or audio recorded**.

j. Whether the parties foresee a need for a Mid-Discovery Status Report and Conference: **Not at this time, but if the need arises, the parties will request one**.

7. **DISCOVERY RELATING TO ELECTRONIC, DIGITAL, or MAGNETIC DATA**

Counsel for the parties represent that they have taken steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

8. **COMPLIANCE WITH DUTY TO MEET and CONFER**

The parties met and conferred via telephone on August 12, 2020 in compliance with Fed. Rule of Civil Procedure 26(f). The parties have also met and conferred via email in order to draft this joint statement.

9. **PROPOSED MOTION FILING, PRETRIAL, AND TRIAL DATES**

The parties propose the following motion filing, pretrial, and trial dates:

a. Filing deadline for non-dispositive and dispositive pre−trial motions (except motions *in limine* or other trial motions): **August 9, 2021**

a. Pretrial conference: **September 6, 2021**

b. Trial: **October 11, 2021**

10. **SETTLEMENT**

The parties feel that a settlement conference, to be fruitful, should be held after key discovery has been conducted.

11. **JURY TRIAL**

This is a jury case. Both parties have demanded a jury trial.

12. **ESTIMATE OF LENGTH OF TRIAL**

At this time, the parties estimate that the trial of this matter would take approximately three (3) full court days, but this estimation is being made prior to discovery and, as such, is not

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

393246.1

the product of the information that would be needed to accurately estimate the trial length; the estimate could change.

### 13. BIFURCATION

To the extent Plaintiff alleges punitive damages, Defendants request bifurcation of punitive damages from the remainder of the case.

### 14. RELATED MATTERS

None.

Respectfully submitted,

Dated: August 14, 2020

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: /s/ Dale L. Allen, Jr.
DALE L. ALLEN, JR.
KEVIN P. ALLEN
Attorneys for Defendants
CITY OF COTATI, OFFICER ANTHONY GARBER, CORPORAL BRIAN DEATON

Dated: August 14, 2020

By: /s/ Patrick Ciocca
PATRICK CIOCCA
JAI GOHEL
Attorneys for Plaintiff
CHRISTOPHER ALCALA