Patrick M. Ciocca, SB# 219418
Attorney at Law
703 Second Street
Suite 357
Santa Rosa, CA 95404
(415) 265-4200
(707) 286-0058 (fax)

Jai Gohel, SB# 170782
Attorney at Law
819 Eddy Street
San Francisco, CA 94109
(415) 760-2267
(415) 474-3748

Attorneys for Plaintiff Christopher J. Alcala

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRISTOPHER J. ALCALA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COTATI, OFFICER ANTHONY GARBER, CORPORAL BRIAN DEATON and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:20-cv-03414-JSC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date: 11/12/20<br><br>Time: 1:30<br><br>Courtroom:  E, 15th Floor<br><br>Hon: Jacqueline S. Corley |

The parties to the above titled action hereby submit this Joint Case Management Conference Statement. The court's attention is drawn to a proposal of new dates due to trial conflicts arising out of the Covid delays requiring trial resetting's.  Counsel for the parties have met and conferred and would propose a trial date in 2022 in accordance with the courts calendar.

1   **1.  JURISDICTION AND VENUE**

2       This Court has subject matter jurisdiction over the above titled action pursuant to federal

3   question jurisdiction, as claims are made in this matter under 42 U.S.C. 1983, 42 U.S.C.. There are no

4   issues of venue attached to this matter, and all defendants have been duly served.

5

6       **2. FACTS**

7       **a. Brief Chronology of Facts**

8       Plaintiff's Account

9

10      At approximately 1:51 am on July 19, 2019, Plaintiff' Christopher Alcala

11  was waiting outside the Tradewinds bar in Cotati California.  He had called a rideshare company

12  (Uber) to obtain a ride home.  While waiting outside, Mr. Alcala was approached by two members of

13  the Cotati police: initially, he was approached by Officer Anthony Garber and shortly thereafter

14  Corporal Brian Deaton joined Garber.  The officers engaged Mr. Alcala in conversation.  The

15  officer's indicated they were investigating some verbal altercation which took place between a man

16  and a woman at the bar.

17      After the conversation began, and completely unprovoked by any physical action of Mr.

18  Alcala, Deaton shoved Mr. Alcala against a wall. Mr. Alcala never made a move on either officer and

19  never tried to physically assault either officer. Garber then jumped in and tossed Mr. Alcala to the

20  ground. Deaton then struck Mr. Alcala in the side with a closed fist three times.  A moment later,

21  Garber struck Mr. Alcala in and around the face with forceful blows from his knees.  Deaton then

22  threw Mr. Alcala against the opposite wall while Garber struck Mr. Alcala in the face with his

23  elbows.  Deaton again tossed Mr. Alcala to the ground.  Both officer's pinned Mr. Alcala to the

24  ground and applied handcuffs behind his back. The leaned into his back and neck with full weight

25  while applying the handcuffs.

As a result of this treatment from Officer Deaton and Corporal Garber, the Plaintiff suffered serious and lasting physical injuries. He was never prosecuted in any criminal court for his participation in these events.

Defendant's Account

Defendant officers were working in their course and scope of employment with the Cotati Police Department when alerted to an altercation during the 2 a.m. closing of bars in the Cotati downtown.  As Officer Garber was walking up to a group of persons in an alley, he heard a woman accuse the plaintiff of pushing her.  Garber detained plaintiff who said words to the effect he was pushed and only retaliated.

Garber asked for identification to investigate further and was soon faced with numerous people who had come out of the bars and began acting in a hostile manner towards him.  At the same time plaintiff began to act belligerently toward Garber and closing in on his personal space.  Corporal Deaton arrived, saw the crowd and the agitated plaintiff who appeared to Deaton to be encouraging the crowd.

As Deaton walked up, Garber was attempting to run a record check on plaintiff, as plaintiff tried to walk away, then got in close to Garber.  Deaton believed Garber was under threat by the closeness of plaintiff to Garber and pushed him back and up against a wall to clear space between Garber and Deaton.  Alcala then yelled obscenities at Deaton and pushed his arm away from him. Garber had formed the belief Alcala was intoxicated, and with the actions of pushing Deaton's arm, yelling obscenities and the hostility shown by the crowd as Alcala continued to yell at the officers, Garber went to place plaintiff under arrest for public intoxication and resisting and delaying a police investigation.

As Garber attempted to handcuff Alcala he began to physically resist and struggled with Garber.  Garber believed that if he did not get control quickly the crowd would get involved so used a P.O.S.T trained leg sweep to put plaintiff on the ground to control, handcuff and search the resisting

subject.  Once on the ground Alcala tried to get up by wrapping his arms around Garber's waist.
Deaton feared that Alcala would overcome Garber and saw Alcala was placing his hands near the
tools and weapons on Garber's duty belt.  Deaton punched Garber three times in the lower back to try
and disable him and get him back on the ground.  The two officers managed after a struggle to put
Alcala into handcuffs as back up officers began arriving to control the crowd.

Once plaintiff was taken into custody, he was transported to county jail where Alcala
complained of injuries.  The jail required Garber to obtain medical clearance form Sutter Hospital.
At the hospital plaintiff was so abusive he was sedated by the medical providers in order to be treated
for minor injuries, the cleared for booking at county jail.

Both officers were treated for minor injuries as well, and photographs taken of the
injuries.  Alcala was booked for aggravated assault on a police officer, assault on a police officer,
resisting arrest and public intoxication.  Video, both body camera and security film, recorded the
incident

**b. Principal Facts in Dispute**

1. What was the Plaintiff's conduct? Did the Plaintiff physically resist arrest by the officers,
or did he comply with them?

2. What was the conduct of the officers? What was the nature and extent of their use of force
on the Plaintiff?

3. What are the nature and extent of the Plaintiff's injuries?

4. What are the policies, customs and practices of the City of Cotati related to arrests and
detentions?

**3. LEGAL ISSUES IN DISPUTE**

1.      Whether there was probable cause for Plaintiff's arrest;

2.     Whether the force against Plaintiff was reasonable or excessive;

3.     Whether the officers acted with the purpose of depriving Plaintiff of his specific constitutional right;

4.     Whether each of the individual officers integrally participated in the each of the constitutional violations alleged;

5.     Whether the City of Cotati has an unconstitutional custom, policy, or practice (i.e. whether there is a *Monell* violation)

6.     Whether the officers acted reasonably;

7.     Whether there are claims for assault, battery, and false imprisonment

**4. MOTIONS**

Plaintiff has no current plans to make pre trial motions in this matter.

**5. AMENDMENT OF PLEADINGS**

Plaintiff does not anticipate amending the complaint.

**6. EVIDENCE PRESERVATION**

The parties reasonably believe that all evidence has been preserved in this case.

**7. DISCLOSURES**

No Rule 26 disclosures have not been made. Any Rule 26 disclosures will be made not later than December 15, 2020.

**8. DISCOVERY**

a. The Plaintiff has provided initial discovery related to Plaintiffs injuries.

b. The Parties do not propose any modifications of the discovery plan.

c. Written discovery, depositions and expert testimony related to police practices and possible expert medical testimony is anticipated in this matter.

d. The parties have agreed to enter into a protective order.

**9. CLASS ACTION**

This case is not a class action.

**10. RELATED CASES**

There are no related cases.

**11. RELIEF**

Relief sought is monetary damages and any further relief the Court may deem proper.

**12. SETTLEMENT AND ADR**

The Parties would like to have an early settlement conference in this Court.

**13. MAGISTRATE JUDGE**

The parties have consented to the jurisdiction of the Magistrate Judge Jacqueline S. Corley.

**14. OTHER REFERENCES**

The parties are not currently seeking nor do they believe other references are necessary or appropriate.

**15. NARROWING OF ISSUES**

The parties are unaware of any way to narrow the issues of this case or to expedite the presentation of evidence at trial. However, this may change and the parties are willing to revisit this issue at a further case management conference.

**16. EXPEDITED SCHEDULE**

The parties do not seek an expedited schedule for this case, nor do they believe it is necessary or feasible.

**17. SCHEDULING**

The parties request the following scheduling order:

    a.   Non-Expert Discovery Cut-off: **June 21, 2021**

    b.   Disclosure of Expert Witnesses: **July 23, 2021**

    c.   Supplemental/Rebuttal Expert Witnesses Disclosures: **August 20, 2021**

    d.   Expert Discovery Cut-off: **September 20, 2021**

     e.   Dispositive Motion Hearing: **November 19, 2021**

     f.   Pretrial Conference: **February 18, 2022**

     g.   Trial: (subject to the availability of the Court) **April 15, 2022.**

## 18. TRIAL

All parties have demanded a trial in this matter. A jury trial is estimated to take approximately 3-4 days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

There are none known at this time by any party.

## 20. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

There are none known at this time by any party.

Respectfully submitted,

November 9, 2020                       _____/ss/*Patrick M. Ciocca*_____
                                      Patrick M. Ciocca
                                      Jai Gohel
                                      Attorneys for Plaintiff

November 9, 2020                       _____/ss/*Dale Allen*_____
                                        Dale Allen
                                        Kevin Allen
                                      Patrick Moriarty
                                        Attorneys for Defendants